# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 29, 1914.

## SUSAN E. PLACIDE
VS.
EDWIN M. WILMER, ET AL.

*Chas. F. Stein* and *John L. Sanford* for Susan E. Placide.

*David Ash* for Edwin M. Wilmer, exceptant.

DAWKINS, J.—

The question in this case is on the Exceptions to an Auditor's account filed on November 25, 1913. A careful examination of the account together with the several cases in the Court of Appeals growing out of the transactions involved in this case, and especially an examination of 119 Md., page 49, Wilmer vs. Placide, it seems to me makes this matter apparently quite simple of solution.

The very ingenious and able argument of Counsel for the exceptant in which he suggested a possible wrong theory in stating the account has had very full consideration, but after examining the case very carefully, I do not agree with that contention. In the case in 119 Maryland, at page 39, the Court practically in so many words fixes the allowance to the plaintiff of the item of $2,654.30 with interest from March 2, 1912, so that there could be no question about that amount, which would bring the starting point at about $2,909.45. The Court says that the Defendant having paid the Auditor the sum of $144.80 that this should not be charged against him. It also says that the sum of $58.78 for taxes and water rent should not be charged against him, so that these two items are clearly proper credits. The Court also says that the Defendant only being allowed

the credit of $400 out of the money received by him from the Jennings Placide Estate, when he should have been allowed $678.05, he would clearly be entitled to receive the difference between the two amounts, or $278.05. I do not see any authority for allowing the item of $234.67, but as the explanation given by the Auditor is satisfactory to the Plaintiff, surely the exceptant could not be hurt as he would be benefitted by that allowance. The same observation would apply as to the $80.35, so that it seems to me there is no ground for sustaining the exceptions to the account as it appears, except, if the exceptant is entitled to commissions on his account or collections. The argument on this proposition did give me considerable doubt when first presented. I see no reason ordinarily because a collector of any kind does not see fit to make a charge in some particular account for his services that that would prevent him from charging at any time as long as the account is open, if it were earned by him, nor do I see any reason why his failure to make a charge for services rendered by him should not be collectible from the party to whom he has rendered the services. The mere fact that the Court has not allowed the commissions I do not think if that question was not before that Court would disentitle him to receive the commissions or fees, but in this particular case this question has been raised before and it has been passed upon before and apart from that I think a fair reading of the letter accompanying the account would be that it was not intended to charge any commission. The letter was written evidently every time that statements or memoranda of the account had been made and the pass books or papers of account were handed over, which were meant to comprehend the whole account and the mere fact that the transmitter neither charged the usual commissions for collections and services, nor for payments and disbursements it indicated that he did not intend to make any charge.

I must therefore conclude under these circumstances that I would not be justified in having this account reopened for the purpose now of allowing any commissions and for further going into this matter. The exceptions will be overruled, and the account ratified.